IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | JURY TRIAL DEMAND |
| HP PELZER AUTOMOTIVE SYSTEMS, INC., | ) ) ) | COMPLAINT |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation for opposing discriminatory practices and to provide appropriate relief to Estela Black ("Black"). As alleged with greater particularity in paragraph 11 below, Defendant HP Pelzer Automotive Systems, Inc. ("Defendant") retaliated against Black, one of its employees, for complaining about sexual harassment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, HP Pelzer Automotive Systems, Inc. (the "Employer"), has continuously been a Michigan corporation doing business in the State of Tennessee and the city of Athens, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Estela Black filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On September 30, 2016, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe Defendant Employer violated Title VII and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On December 1, 2016, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant Employer that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. On or about November 21, 2014, Defendant Employer engaged in unlawful employment practices at its facility in Athens, Tennessee, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

11. Defendant Employer retaliated against Estela Black for complaining about sexual harassment.

(a) On or about October 6, 2014, Defendant Employer hired Black as a production operator at its facility in Athens, Tennessee. Defendant Employer manufactures automobile components.

(b) During orientation, Defendant Employer's human resources manager said Defendant Employer allowed employees to wear shorts, but not tank tops or "wife-beaters." Black responded, "I don't want to see no crack."

(c) Defendant's human resources manager said, "Drop your pants and I will take a picture of you and use you as an example."

(d) Several weeks later, Defendant's human resources manager held a shift meeting on ear protection.

(e) As Black was leaving, Defendant's human resources manager said, "Only way you women will understand is to be yelled at."

(f) Black reported these incidents to her supervisor, who told her to report them to higher authorities.

(g) On or about November 7, 2014, Black reported the incidents to Eric Weiss, Defendant's plant manager.

(h) On or about November 13, 2014, Black again spoke with Weiss because she had not received a response to her complaint of sexual harassment.

(i) Weiss said there was not enough time to investigate these incidents and not to go over his head. He then told Black to get back to work.

(j) Later that same day, Black met Defendant's Chief Operating Officer, Stuart McRobbie, while he was visiting the production floor.

(k) Black reported the incidents to McRobbie.

(l) McRobbie told Black that Defendant would investigate her allegations, and McRobbie then reported Black's complaint to Weiss.

(m) McRobbie advised Weiss to conduct an investigation.

(n) During the course of the investigation, Weiss complained that Black had been "confrontational" and had "cornered" him. Weiss asked Black to repeat her complaint and identify witnesses. Black identified two co-workers. One had been present when Defendant Employer's human resources manager told Black to "drop your pants," while the other was present when he said "only way you women will understand is to be yelled at."

(o) On or about November 17, 2014, Weiss talked with the witnesses Black identified. One witness did not recall anything. Another witness recalled Black's comment she did not want to see "no crack," but did not recall Employer Defendant's human resources manager saying "drop your pants." Weiss then chose his own witness, who did not recall either incident.

(p) On or about November 18, 2014, Weiss reported the results of his investigation to Lynn Schnepp, Defendant's Director of Human Resources.

(q) Schnepp also spoke with the alleged harasser, Defendant's human resources manager.

(r) Without conducting any independent investigation or talking with Black, Schnepp told Weiss to terminate Black.

(s) On or about November 21, 2014, Weiss met with Black and confronted her with what he reported the witnesses to have said.

(t) Weiss then reviewed Defendant's policy, which disciplined employees who "purposefully falsified a claim of harassment."

(u) Black denied that she violated Defendant Employer's policy or "purposefully falsified a claim of harassment."

(v) Weiss then terminated Black and had her escorted from Defendant's facility.

12. The effect of the practices complained of in paragraph 11 above deprived Black of equal employment opportunities and otherwise adversely affected her status as an employee because of her opposition to Defendant Employer's discriminatory practices.

13. The unlawful employment practices complained of in paragraph 11 above were intentional.

14. The unlawful employment practices complained of in paragraph 11 above were done with malice or with reckless indifference to the federally protected rights of Black.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliation for opposing discriminatory practices.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who oppose discriminatory practices and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Estela Black, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Estela Black.

D. Order Defendant Employer to make Estela Black whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11 above, including job search expenses and medical expenses not covered by the Employer's employee-benefit plan, in amounts to be determined at trial.

E. Order Defendant Employer to make Estela Black whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 11 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Estela Black punitive damages for its malicious and reckless conduct, as described in paragraph 11 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams (with permission MC)
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

s/ Gerald L. Thornton (with permission MC)
**GERALD L. THORNTON, SR.**
Supervisory Trial Attorney
TN Bar No. 015898

s/ Nicholas C. Teeples (w/ permission MC)
**NICHOLAS CHASE TEEPLES**
Trial Attorney
TN Bar No. 032400

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 900
Memphis, TN 38104
(901) 544-0158

s/ Mark Chen
**MARK CHEN**
Trial Attorney
TN Bar No. 14268

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
220 Athens Way, Suite 350
Nashville, TN 37228
(615) 736-5784