UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| ESTELA BLACK, | ) ) |
| Intervening Plaintiff, | ) ) |
| v. | ) No.: 1:17-CV-31-TAV-CHS ) |
| HP PELZER AUTOMOTIVE SYSTEMS, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's motion to alter or amend judgment [Doc. 93]. Defendant moves the Court to amend or reconsider its August 3, 2018, order denying defendant's motion for summary judgment [Doc. 92]. Plaintiffs filed a response in opposition [Doc. 96], and defendant replied [Doc. 98]. For the reasons discussed below, the Court will deny defendant's motion.

**I.     Background**

Plaintiff Equal Employment Opportunity Commission ("EEOC") and intervening plaintiff Estela Black (together, "plaintiffs") brought this action against defendant HP Pelzer Automotive Systems, Inc. ("defendant"), under Title VII of the Civil Rights Act of 1964 [Doc. 70 p. 1]. Plaintiffs allege that defendant terminated Black in retaliation for

filing a sexual harassment complaint against defendant's human-resources manager [Doc. 23 p. 3]. In response, defendant asserts that, based on its investigation of the sexual harassment complaint, defendant determined that Black had falsified the report [Doc. 70 p. 1]. Thus, defendant asserts that it terminated Black for making a false complaint, consistent with its harassment policy [*Id.* p. 13].

On March 20, 2018, defendant filed a motion for summary judgment, arguing that plaintiffs' claim failed as a matter of law [Doc. 69]. First, defendant argued that plaintiffs could not establish a prima facie case of retaliation because Black had not engaged in a protected activity when she falsely accused defendant's manager of sexual harassment [Doc. 70 pp. 16–19]. Second, defendant asserted that plaintiffs could not show that defendant's actual motivation for terminating Black was a desire to retaliate against her for a protected activity because defendant honestly believed that Black's report was falsified [*Id.* pp. 20–22]. Thus, defendant concluded that plaintiffs could show neither causation nor that defendant's asserted reason for the termination was pretext.

In opposition, plaintiffs maintained that Black had a reasonable and good faith belief that defendant's manager sexually harassed her and, thus, that she engaged in a protected activity when she reported it [Doc. 72 pp. 9–12]. Furthermore, plaintiffs asserted that it had provided both direct and circumstantial evidence to establish causation and that flaws in defendant's investigation—including the fact that defendant had not found any evidence that Black falsified her claim—created a genuine issue of material fact regarding whether defendant's asserted reason for firing Black was pretextual [*Id.* pp. 12–25].

In its August 3, 2018, order on defendant's motion for summary judgment, the Court found that plaintiffs had established a prima facie case of retaliation, shifting the burden of production to defendants to show a nondiscriminatory reason for terminating Black [Doc. 92 pp. 12–13]. The Court found that defendant met this burden based on defendant's arguments that it believed Black falsified the report [*Id.* p. 14]. Finally, the Court found that the questions regarding the quality of defendant's investigation, and thus the reasonableness of its belief in its asserted reason for firing Black, were genuine disputes of material fact best left up to the jury to decide [*Id.* pp. 15–18]. As such, it determined that plaintiffs had met their burden under the *McDonnell Douglas* framework, and denied summary judgment. In its instant motion, defendant asks the Court to alter or amend its order on summary judgment, arguing that it contained clear error of law and created a manifest injustice.

**II. Analysis**

Defendant initially cites Federal Rules of Civil Procedure 59(e) and 60(b) as the bases for the relief it seeks, although defendant only cites Rule 59(e) in its accompanying memorandum in support [Doc. 94]. Neither rule is applicable here, as both apply to the amendment of *judgments*, which an order denying summary judgment—like this one—is not. *See Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015) ("Neither [Rule 59(e) nor Rule 60(b)] provides an appropriate means to challenge a non-final order."). But defendant also filed a supplement in support of its motion to alter or amend,

adding Federal Rule of Civil Procedure 54(b) as an additional basis for relief [Doc. 97]. Because denial of summary judgment is an interlocutory order, Rule 54(b) controls here. *See Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004) ("District Courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

Regardless, the standards governing Rules 59(e) and 54(b) are similar. Like Rule 59(e), a district court may grant a Rule 54(b) motion when there is an intervening change of controlling law, newly discovered evidence, or a need to correct a clear error or prevent manifest injustice. *See id.* Although this standard "vests significant discretion in district courts" to reconsider interlocutory orders, such motions are not a means by which "to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Id.* at 959 n.7; *Ne. Ohio Coal. For the Homeless v. Brunner,* 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009).

The majority of defendant's motion merely restates the same facts and arguments presented at the summary judgment stage. Consistent with the Rule 54(b) standard, the Court, in its discretion, will not readdress those arguments here.[1] *See id.* Defendant's

---

[1] The Court does wish to clarify one of defendant's objections to the Court's factual findings. In its order denying summary judgment, the Court stated that "Defendant interviewed three witnesses" [Doc. 92 p. 17]. Defendant objects to this statement, pointing out that it actually interviewed five people: Black, Strange, Kennedy, Miller, and Morris [Doc. 94 pp. 5–6]. When the Court referred to "witnesses," it meant those people not directly involved in the alleged harassing incident, excluding Black and Strange. Thus, the Court's factual findings in this respect are consistent with defendant's statements regarding the number of interviews it conducted.

main, new argument is that the Court committed clear error in failing to apply the "honest belief" rule to these facts, and thus in finding that plaintiffs had met their burden at the pretext stage [*see* Doc. 94 pp. 12–19].

Despite defendant's protestations to the contrary, the Court finds no clear error. Rather, there appears to be a circuit split on the central issue in this case. As defendant emphasizes, the Eleventh Circuit has held that a defendant-employer's honest belief that the plaintiff-employee lied in an internal investigation of a supervisor's alleged sexual harassment was enough to grant summary judgment for the defendant on the plaintiff's retaliation claim, where the employer's belief was based on its inability to corroborate the employee's allegation with coworkers. *E.E.O.C. v. Total System Services, Inc.*, 221 F.3d 1171 (11th Cir. 2000).

However, the Eighth Circuit has held to the contrary, finding sufficient evidence of pretext to deny a defendant's motion for summary judgment where "the belief that [plaintiff] was lying was founded solely on the statements of other employees and witnesses." *Gilooly v. Missouri Dept. of Health and Senior Services*, 421 F.3d 734, 740–41 (8th Cir. 2005). In *Gilooly*, the Eight Circuit expressed concern with invading the province of the jury in assessing witness credibility, commenting that "[a]llowing the employer's investigation to essentially short-circuit the retaliation claim before it begins is antithetical to the design of Title VII." *Id*. at 741. The court was particularly wary given that there was "no independently verifiable evidence" that the plaintiff had lied, and that

5

the employer had instead based its determination on "little more than a description of conflicting stories with the employer disbelieving [the employee's] version of events." *Id.* at 740–41. The court ultimately found that under those circumstances, where an employer's decision to fire an employee is based solely on a determination that the employee's Title VII claim was falsely made, the issue of pretext "is largely undeveloped and best left to a fact-finder to decide." *Id.* at 740–41.

Although this case is similar to those before the Eleventh and Eighth Circuits,[2] that those cases come out differently shows that this issue, especially as applied to these facts, is far from settled. Moreover, defendant has not presented, and the Court has not found, any case in this circuit directly on point—that is, where the employer's only asserted reason for firing the employee is that the employee lied in making a harassment complaint.[3] In the face of a circuit split, and the lack of on-point binding precedent, the summary judgment order was not clearly erroneous, nor did it create a manifest injustice.

---

[2] The Court notes that the genuine dispute of material fact in this case regarding pretext appears to be even clearer than it was in *Gilooly*. In that case, the employee had a history of unauthorized visits with clients and was uncooperative in answering questions relating to the investigation. *See* 421 F.3d at 736–37. Here, in contrast, there is no evidence that plaintiff Black had a history of disciplinary action or evasiveness in the investigation that might otherwise call her credibility into question.

[3] Defendant does point to cases in this district and in the Sixth Circuit that, it alleges, support its position, including *Tingle v. Arbors at Hilliard*, 692 F.3d 523 (6th Cir. 2012), and *Manstra v. Norfolk S. Corp.*, No. 3:10-CV-166, 2012 WL 1059950 (E.D. Tenn. March 28, 2012). However, in both cases and in others defendant cites, the employer had additional reasons for disciplining or firing the employee that were independent of the employee's alleged dishonesty. As such, these cases are not precisely instructive.

## III. Conclusion

For the reasons stated above, defendant's motion [Doc. 93] is hereby **DENIED**.

IT IS SO ORDERED.

                                         s/ Thomas A. Varlan
                                         CHIEF UNITED STATES DISTRICT JUDGE