UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| ESTELA BLACK, | ) ) |
| Intervening Plaintiff, | ) ) |
| v. | ) No.: 1:17-CV-31-TAV-CHS ) |
| HP PELZER AUTOMOTIVE SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Before the Court is plaintiffs' motion in limine seeking to exclude testimony at trial regarding the Equal Employment Opportunity Commission's ("EEOC") administrative findings [Doc. 131]. Defendant replied [Doc. 153]. Both parties also presented oral argument before the Court at the Final Pretrial Conference held on March 5, 2019, after which the Court took plaintiffs' motion under advisement. After considering the parties' arguments, for the reasons stated below, the Court will grant plaintiffs' motion.

Intervening plaintiff Estela Black filed a charge with the EEOC on June 19, 2015, alleging sexual harassment and retaliation [Doc. 132 p. 2]. After an investigation, the EEOC found reasonable cause to believe defendant terminated Ms. Black in retaliation for making a sexual harassment complaint, but did not find reasonable cause to believe

defendant subjected Ms. Black to sexual harassment [*Id.*]. Plaintiffs argue that the EEOC's findings are not relevant to any issue in this case and that any probative value is far outweighed by the danger of unfair prejudice and confusing the jury [*Id.* at 2–3]. In support, plaintiffs cite several cases from this district and the Sixth Circuit that note the potential for great prejudice and low probative value in admitting evidence of the EEOC's unfavorable or "no cause" determination. *See, e.g., E.E.O.C. v. Ford Motor Co.,* No. 95-3019, 1996 WL 557800, at *10 (6th Cir. Sept. 30, 1996) (holding that "a district court does not err as a matter of law by categorically refusing to admit EEOC cause determinations" after noting that "an EEOC cause determination carries an evidentiary value of practically zero"); *Wright v. Columbia Sussex Corp.,* No. 3:06-cv-190, 2008 WL 972699, at *1 (E.D. Tenn. Apr. 7, 2008) (concluding that "the EEOC determination has little probative weight and a possibility of great prejudice" because the "jury could attach undue weight to the 'No Cause Finding' and view it as a suggestion that there was no retaliation, as opposed to merely finding that the agency found no probable cause").

In response, defendant argues that the EEOC's investigation and findings are particularly relevant in this unique case, where plaintiffs intend to argue that defendant's investigation into Ms. Black's harassment allegations was flawed [Doc. 153 p. 4]. Defendant argues that the EEOC's finding of no probable cause is directly relevant to this case because the EEOC reviewed the same evidence as defendant and interviewed fewer witnesses, but came to the same conclusion [*Id.*].

The Court has discretion whether to admit the EEOC's administrative findings into evidence. *See Heard v. Mueller Co.*, 464 F.2d 190, 194 (6th Cir. 1972). The fact that the EEOC found no cause for a sexual harassment claim may be relevant to defendant's argument that it formed an honest belief that Ms. Black lied after conducting a reasonable investigation. *See* Fed. R. Evid. 401. However, the jury is capable of making its own determination regarding the reasonableness of defendant's investigation and the honesty of its belief without hearing the EEOC's findings.

In contrast to this low probative value, the danger of unfair prejudice, confusing the issues, and wasting time is high if the evidence were to be admitted. *See* Fed. R. Evid. 403. It is defendant's investigation that is under scrutiny in this case—not the EEOC's—and permitting the jury to hear about the EEOC's findings could lead it to summarily conclude that defendant's investigation and belief were reasonable and that there was no retaliation, without properly considering the defendant's actual investigation and belief. Furthermore, despite defendant's argument, the EEOC did not precisely come to the same conclusion as defendant. While the EEOC found no reasonable cause to bring a lawsuit, defendant concluded that Ms. Black lied. These different conclusions are based on different standards, and admitting the EEOC's findings would necessitate explaining those differences, which would waste time at trial and only confuse the jury.

Consistent with Sixth Circuit precedent and the decisions of other courts in this district, the Court finds that any probative value this evidence may have is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting time. *See*

Fed. R. Evid. 403.  Accordingly, plaintiffs' motion to exclude testimony at trial regarding the EEOC's administrative findings [Doc. 131] is **GRANTED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE