# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

EQUAL EMPLOYMENT                  )
OPPORTUNITY COMMISSION,           )
                                  )
    Plaintiff,                 )
                                  )
and ESTELA BLACK,                 )
                                  )         No. 1:17-cv-00031-TAV-CHS
    Intervening Plaintiff,     )
v.                                )
                                  )
HP PELZER AUTOMOTIVE              )
SYSTEMS, INC.,                    )
                                  )
    Defendant.                 )

## REPORT AND RECOMMENDATION

### I.    Introduction

Defendant HP Pelzer Automotive Systems, Inc., (HP Pelzer) moves for attorney fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k).[1] [Doc. 213]. HP Pelzer seeks fees in the amount of $637,303.93 from the Equal Employment Opportunity Commission (EEOC) after a trial in which the jury found in favor of HP Pelzer on Plaintiff Estella Black's claim of retaliatory termination in violation of Title VII. The District Court has referred this motion for a report and recommendation pursuant to 28 U.S.C. § 636. For the reasons stated herein, it is **RECOMMENDED** HP Pelzer's motion for attorney fees be **DENIED**.

---

[1] 42 U.S.C. § 2000e-5(k) provides:
    **(k) Attorney's fee; liability of Commission and United States for costs**
    In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

## II.    Background

Plaintiff filed a claim on February 2, 2017, under Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3), alleging that Defendant retaliated against her for complaining about sexual harassment by the human resources manager. Plaintiff alleged that, during orientation, the human resources manager made comments to her which constituted sexual harassment. She also alleged that the human resources manager made a demeaning comment about women on another occasion. After Plaintiff reported the alleged harassment, HP Pelzer investigated, interviewing several witnesses. HP Pelzer concluded that the harassment had not occurred and that Plaintiff had falsely accused the human resources manager. HP Pelzer terminated Plaintiff's employment for the stated reason of lying. Plaintiff filed a claim with the EEOC which issued a Cause Determination finding reasonable cause that HP Pelzer had retaliated against Black for complaining about sexual harassment. After conciliation was unsuccessful, Black filed this action. The EEOC subsequently intervened on Plaintiff's behalf. [Doc. 23].

Following discovery, HP Pelzer filed a motion for summary judgment asserting the honest belief defense—that it had terminated Plaintiff because of an honest, good faith belief that Plaintiff had fabricated the allegations of harassment against the human resources manager. HP Pelzer argued that Plaintiff had no evidence demonstrating that HP Pelzer's honest belief defense was pretext for retaliatory animus and that it was therefore entitled to summary judgment. The District Court, however, found that genuine issues of material fact existed which precluded granting HP Pelzer's motion for summary judgment. After a trial in which the jury resolved the factual disputes in favor of HP Pelzer, judgment was entered in favor of HP Pelzer and against Black and the EEOC.

### III. Analysis

#### A. Standard of Review

In the United States, we recognize the "American Rule" in which each party in a lawsuit usually bears his/her own attorney fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). An exception arises, however, when a statute expressly provides that the prevailing party to a lawsuit may receive attorney fees from the losing party. *Id.* It is well settled that, in a civil rights action, a defendant may recover attorney fees from a plaintiff only where the suit was frivolous, unreasonable, or without foundation, even though the Plaintiff did not bring the action in subjective bad faith. *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); W*olfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005); *N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. 2004). "An award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (citing *Jones v. The Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)); *see also Michigan Flyer LLC v. Wayne Cnty Airport Auth.*, 860 F.3d 425, 433 (6th Cir. 2017). "The purpose of this heightened requirement is that it reduces the 'chilling effect on a plaintiff who seeks to enforce his/her civil rights.'" *Michigan Flyer*, 860 F.3d at 433 (quoting *Riddle*, 266 F.3d at 551). "[I]it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Wolfe*, 412 F.3d at 720 (quoting *Christianburg Garment Co*, 434 U.S. at 421-22; *see also EEOC v. Peoplemark, Inc.*, 732 F.3d 584, 616 (6th Cir. 2013). On the other hand, an award of fees may be appropriate "'where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure

3

is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.'" *Wolfe*, 412 F.3d at 720 (quoting *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985)).

HP Pelzer argues that it is entitled to attorney fees from the EEOC because "the EEOC's conduct during the pursuit of this litigation has been unreasonable, meritless, groundless, vexatious and in bad faith." [Doc. 213, Mot. for Attorney Fees at 1]. HP Pelzer argues that "the improper denial of summary judgment is immaterial" to its request for attorney fees. [Doc. 214, Def.'s br. at 16, capitalization altered]. In its motion for fees, HP Pelzer engages in a detailed recitation of the evidence it gathered in discovery to support its position that it had an honest belief that Plaintiff fabricated the allegations of sexual harassment and that it terminated her for lying. Basically, HP Pelzer seeks to relitigate the summary judgment motion in its motion for attorney fees in order to show that Plaintiff's retaliation claim was frivolous; that summary judgment was "improperly denied"; and that HP Pelzer is, therefore, entitled to attorney fees from the EEOC.

The Court declines to revisit the earlier decision on the motion for summary judgment. "Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Miller v. Maddox*, 866 F.3d 386, 390 (6th Cir. 2017) (quoting *Scott v. Churchill*, 377 F.3d 565, 569–70 (6th Cir. 2004)). In short, a motion for attorney fees is not an appropriate vehicle by which to challenge a prior decision denying summary judgment. The District Court found that Plaintiff's case had sufficient foundation to preclude summary judgment. Consequently, the case was submitted to a jury for decision. A case substantive enough to submit to a jury is not frivolous, unreasonable, or without foundation. Although the jury reached a verdict in HP Pelzer's favor, the Court will not engage in post hoc reasoning to conclude that Black's claim lacked all merit. This case is not the extreme,

4

egregious situation contemplated by the Supreme Court in *Christenburg* in which a prevailing defendant is entitled to attorney fees in a civil rights action. Accordingly, it is **RECOMMENDED** that Defendant's motion for attorney fees be **DENIED**.

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that HP Pelzer's motion for attorney fees be **DENIED**.[2]

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).