UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
|---|---|
| Plaintiff, | ) |
| and | ) |
| ESTELA BLACK, | ) |
| Intervening Plaintiff, | ) |
| v. | ) No.: 1:17-CV-31-TAV-CHS |
| HP PELZER AUTOMOTIVE SYSTEMS, INC., | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Defendant has litigated and defeated plaintiffs' retaliation suit under Title VII of the Civil Rights Act of 1964. Now, by pursuing attorney fees and costs, it seeks to punish plaintiff Equal Employment Opportunity Commission ("EEOC") for a suit defendant believes was frivolously brought, unreasonably continued, and litigated in bad faith. Unfortunately for defendant, while the jury returned a verdict in its favor, this Court has already ruled three (3) times that this suit was not frivolous, unreasonable, or groundless—twice before the trial and once after hearing all the evidence. The Court will therefore **ADOPT IN WHOLE** the magistrate judge's report and recommendation ("R&R") [Doc. 221] and incorporate it into this memorandum opinion denying defendant's motion for attorney fees and costs [Doc. 213].

I.  **Background**

The EEOC brought—and plaintiff Estela Black intervened in—a Title VII suit alleging defendant HP Pelzer Automotive Systems, Inc. ("defendant") fired Black, one of its employees, for complaining of sexual harassment [Doc. 1; *see also* Doc. 106 p. 1–3]. Prior to trial, the Court denied defendant's motion for summary judgment and motion for Rule 11 sanctions [Doc. 92] and later denied defendant's motion to alter or amend the order denying summary judgment [Doc. 106].  At the close of the evidence, the Court orally denied defendant's renewed motion for a directed verdict.  After the jury returned a verdict in defendant's favor [Doc. 204], defendant moved [Doc. 213] for attorney fees and costs from plaintiff EEOC pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 2000e-5(k).  The Court referred the motion to Magistrate Judge Christopher H. Steger [Doc. 217], who filed a report and recommendation recommending denial of defendant's motion [Doc. 221].

Judge Steger describes defendant's motion as an attempt to "relitigate the summary judgment motion in its motion for attorney fees in order to show that [p]laintiff's retaliation was frivolous; that summary judgment was 'improperly denied'; and that HP Pelzer is, therefore, entitled to attorney fees from the EEOC" [Doc. 221 p. 4].  Noting that a motion for attorney fees is not the proper vehicle to challenge a prior decision denying summary judgment, Judge Steger reasons that "[a] case substantive enough to submit to a jury is not frivolous, unreasonable, or without foundation," and he declines to engage in "post hoc reasoning to conclude that Black's claim lacked all merit" [*Id.*].  This case, Judge Steger

finds, does not represent the "extreme, egregious situation contemplated by the Supreme Court in *Christiansburg*[, 434 U.S. 412 (1978)]" that would justify the award of attorney fees to a defendant in a civil rights action [Doc. 221 p. 4–5]. Accordingly, he recommends this Court deny defendant's motion for attorney fees [*Id.* at 5].

Defendant filed an objection to the R&R [Doc. 222], and the EEOC responded [Doc. 223]. Defendant raised four objections: (1) the R&R is contrary to law because it recommends denial of defendant's motion because defendant did not prevail in its summary judgment motion; (2) the R&R is clearly erroneous because it "fails to include the fact that the EEOC dismissed the plaintiff's charge of sex discrimination and then brought this frivolous lawsuit with no evidence of bad faith on the part of defendant"; (3) the R&R is contrary to law because it "fail[s] to address the EEOC's reprehensible behavior throughout the litigation"; and (4) the R&R "fails to follow the law where it fails to award defendant its attorneys' fees and costs [when] the EEOC filed and pursued a frivolous retaliation case" [Doc. 222 p. v–vi]. The EEOC contends that the R&R rests on well-settled case law, that plaintiffs' claim was not contingent on the actionability of Black's alleged sexual harassment, and that the EEOC did not litigate in bad faith or act unreasonably [Doc. 223 p. 2–3].

## II. Standard of Review

This Court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of*

3

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).[1] "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). "[A]bsent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

## III. Analysis

Defendant's fourth objection is conclusory and general and thus does not require de novo review, but its first three objections do merit de novo review. Finding that defendant's second objection overlaps with its first objection, the Court will discuss them together before turning to the third objection. The Court finds that the relevant statutory

---

[1] The Court notes that defendant appears to misunderstand the standard of review that applies in this case, asking for "fresh look" review, rather than review under a "clearly erroneous or contrary to law" standard [Doc. 222 p. 2–3 (citing *Carter v. Hickory Healthcare, Inc.*, 905 F.3d 963, 967 (6th Cir. 2018)], even though the latter standard would not apply to review of proper objections to a report and recommendation. Fed. R. Civ. P. 72(b)(3). But, defendant's objections to the R&R lead the Court to consider the substance of its motion for attorney's fees, so defendant's requested standard of review, i.e. fresh look, is not meaningfully different than the review the rules require the Court to give.

4

language and case law support the magistrate judge's denial of defendant's motion for attorney fees and costs.

Generally, the "American Rule" governs disputes over attorney fees, providing that each party, including the prevailing party, bears his or her own attorney fees. *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001). However, certain statutes provide for the award of attorney fees to the winner. *Id.* Defendant in this case moves for attorney fees under Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 2000e-5(k), which enables a court to award the prevailing party in a Title VII action "a reasonable attorney's fee (including expert fees)" and states that the EEOC "shall be liable for costs the same as a private person."

"An award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Riddle*, 266 F.3d at 547 (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)). "[A] prevailing defendant should only recover upon a finding by the district court that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Wayne v. Village of Sebring,* 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978)). However, "if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney fees incurred by the defense." *Christiansburg*, 434 U.S. at 422.

"The Supreme Court has instructed district courts considering prevailing defendants' applications for attorney fees to 'resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Wayne*, 36 F.3d at 530 (quoting *Christiansburg*, 434 U.S. at 421–22). The Sixth Circuit has clarified that "a plaintiff may have an entirely reasonable ground for bringing suit even when the law or facts appear questionable or unfavorable at the outset" and that a court should not award fees unless the court finds that the claim was "groundless at the outset or 'that the plaintiff continued to litigate after it clearly became so.'" *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) (quoting *Christiansburg*, 434 U.S. at 422).

### A. Objection One: The R&R Improperly Denies Defendant's Motion Based on This Court's Denial of Summary Judgment

The R&R recommends denial of defendant's motion for attorney fees because this Court denied summary judgment and "[a] case substantive enough to submit to a jury is not frivolous, unreasonable, or without foundation" [Doc. 221 p. 4]; defendant argues this conclusion is contrary to law. While the R&R's statement of the law may arguably be viewed as too unequivocal, it is nonetheless true that it is unusual for a court to find that a case was "frivolous, unreasonable, or without foundation" where it survived a summary judgment motion. Against that backdrop, and as the ensuing discussion demonstrates, the magistrate judge's conclusions are certainly not, despite defendant's assertions, contrary to law.

In support of its contention that a court may award fees and costs, even after denying summary judgment, defendant principally cites decisions rendered outside the Sixth Circuit [Doc. 222 p. 4–7]. Only two of these appear to have involved courts granting motions for attorney fees under the *Christiansburg* standard after deciding the case had sufficient substance to survive a summary judgment motion [*Id.* (citing *Greenberg v. Hilton Int'l Co.*, 870 F.2d 926, 940 (2d Cir. 1989), *on reh'g*, 875 F.2d 39 (2d Cir. 1989), and *Steinberg v. St. Regis/Sheraton Hotel*, 583 F. Supp. 421, 424 (S.D.N.Y. 1984))].

The dearth of case law supporting defendant's position should not surprise considering the distinction between cases where the court was presented with a motion for summary judgment and those where it was not. Summary judgment permits the court to "pierce any boilerplate in the pleadings and assess the parties' substantive proof." 2 Moore's Federal Practice and Procedure § 17.02. When ruling on a summary judgment motion, a court typically has before it a record formed by "discovery, investigation, and affidavits." *Id.* § 17.03. While it must view all facts and inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and while the trial process produces a *more* substantive record, a court that has entertained a summary judgment motion has generally examined the record more seriously than a court that has not. It follows that a court *not* presented with a motion for summary judgment would be more likely to find a case frivolous after it went to trial

than a court that had previously reviewed the record and the law before denying summary judgment.[2]

Thus, defendant's citation of opinions awarding fees after proceeding to trial, where the court was not previously presented with a motion for summary judgment, is not very persuasive. Although the three district court opinions cited from within the Sixth Circuit did award attorney fees after trials, the courts therein did not try the suits after denying well-supported summary judgment motions. For example, in *Piljan v. Michigan Department of Social Services*, the court stated that defendants were entitled to an award of attorney fees despite their failure earlier in the trial to move for summary judgment because "there was ample material in the record to support such a motion." 585 F. Supp. 1579, 1582–83 (E.D. Mich. 1984). In *EEOC v. Union Camp Corp.*, the parties stipulated that plaintiff could make out a prima facie case and that defendant could meet its burden of offering a non-discriminatory explanation for the discharge, so the case was "tried solely

---

[2] As one might expect, and as plaintiff notes in its response to the motion for attorney fees [Doc. 216 p. 8–9], the cases cited in support of defendant's motion for attorney fees all awarded fees in cases resolved in the pretrial stage, whether by summary judgment, by voluntary dismissal, or otherwise [Doc. 214 p. 8–9 (citing *EEOC v. Bellemar Parts Indus., Inc.*, 868 F.2d 199 (6th Cir. 1989) (clarifying order awarding attorney fees in opinion holding that district court erred in enforcing subpoena duces tecum), *EEOC v. Detroit-Macomb Hosp. Corp.*, 952 F.2d 403, 1992 WL 6099 (table) (6th Cir. 1992) (affirming order of summary judgment and award of attorney fees), *EEOC v. E.J. Sacco, Inc.*, 102 F. Supp. 2d 413 (E.D. Mich. 2000) (granting motion for attorney fees after granting motion for summary judgment), *EEOC v. Argo Distrib., LLC*, 555 F.3d 462, 472–73 (5th Cir. 2009) (affirming grant of summary judgment and award of attorney fees), *EEOC v. Hendrix Coll.*, 53 F.3d 209, 211 (8th Cir. 1995) (awarding attorney fees under 28 U.S.C. § 2412(b) after granting summary judgment), *EEOC v. Propak Logistics, Inc.*, 746 F.3d 145, 152 (4th Cir. 2014) (affirming award of attorney fees where court awarded fees after granting summary judgment), and *EEOC v. Peoplemark, Inc.*, 732 F.3d 584, 593 (6th Cir. 2013) (affirming award of attorney fees where EEOC dismissed claim through joint motion of parties)].

on the issue of pretext," and defendant did not test the sufficiency of plaintiff's pretext proof by summary judgment motion. 536 F. Supp. 64, 66 (W.D. Mich. 1982).[3]

Indeed, the Sixth Circuit has recognized that "[e]ven though the claims after discovery are found to be *without* merit by a court," i.e. on summary judgment, "such a finding does not equate with a determination that the claims were without foundation when the complaint was initially filed." *Riddle*, 266 F.3d at 551 (emphasis added). "Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation." *Id.* (quoting *Christiansburg*, 434 U.S. at 423). The Sixth Circuit has warned that "[a] potential plaintiff's fear of an increased risk of being assessed attorney fees after extensive discovery has taken place and who continues to proceed to a ruling on a summary judgment motion, would create a disincentive to the enforcement of civil rights laws and would have a chilling effect on a plaintiff who seeks to enforce his/her civil rights." *Id.* (citing *Dean v. Riser*, 240 F.3d 505, 510 (5th Cir. 2001)).

District courts in the Sixth Circuit have frequently denied motions for attorney fees in cases where they granted summary judgment or even motions to dismiss. In *Green v. City of Southfield*, for example, the Sixth Circuit upheld a district court's finding that claims were not frivolous and its resulting decision not to award attorney fees, even though

---

[3] *Hill v. BASF Wyandotte Corp.* is similarly distinguishable from this case. There, the court concluded that plaintiff produced "no proof at trial to substantiate her claims of sex harassment" or to demonstrate an "impermissible racial motivation for her probation and discharge," 547 F. Supp. 348, 354 (E.D. Mich. 1982); yet, neither that opinion, nor the court's judgment, No. 9-74125, 1981 WL 26987 (E.D. Mich. Sept. 28, 1981), mentions denying an earlier motion for summary judgment or even a motion to dismiss.

9

the district court granted defendant's motion to dismiss. 764 F. App'x 548, 549 (6th Cir. 2019) (citing *Christiansburg*, 434 U.S. at 422 ("a plaintiff may have an entirely reasonable ground for bringing suit even when the law or facts appear questionable or unfavorable at the outset")). Similarly, a district court denied defendant's motion for legal fees where "a plaintiff had well founded beliefs of being wronged, but was unable to sustain the burden required at law to sustain his position and avoid an adverse result on a motion for summary judgment." *Patterson v. United Steel Workers of Am.*, 381 F. Supp. 2d 718, 721 (N.D. Ohio 2005).[4]

Moreover, the kinds of cases where the Sixth Circuit upholds awards of attorney fees are generally those where the "defects in the suit [were] of such magnitude that the plaintiff's ultimate failure [wa]s clear[] from the beginning or at some significant point in the proceedings after which the plaintiff continue[d] to litigate." *Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 638 (6th Cir. 2006); *see, e.g.*, *id.* (upholding fee award where plaintiffs "merely state[d], in conclusory fashion, that '[p]laintiffs' [sic] have

---

[4] *See also Canning v. Poole*, Civil No. 10-16-GFVT, 2013 WL 5217646, at *4 (E.D. Ky. Sept. 13, 2013) (finding suit not frivolously brought and denying attorney fees after granting summary judgment where plaintiff's "methods of litigating . . . left a good deal to be desired, [but] she ha[d] clearly articulated the basis under which she filed her claims," and defendant affidavits represented "nothing more than conflicting witness testimony"); *Wayne*, 36 F.3d at 530 (upholding district court's denial of attorney fees where defendants won summary judgment on the basis of qualified immunity, but plaintiffs also sued for injunctive relief, which was not barred by immunity); *Beard v. Schneider*, No. 14-13465, 2018 WL 2296472, at *3–4 (E.D. Mich. May 21, 2018) (noting that although "[i]n hindsight all of Plaintiff's above complaints were doomed, particularly given no excessive force was ever established, . . . this is just the type of *post hoc* reasoning or rationalization the Supreme Court cautioned against in *Christiansburg* . . ., and [n]one of the above claims were based on a set of untrue facts, only unknown ones.").

10

identified in their second amended complaint and their discovery responses numerous witnesses, documents and other evidence that support their claims'" and where "plaintiffs' egregious failure to comply with discovery orders support[ed] a powerful adverse inference about the strength of plaintiffs' case"); *Wolfe v. Perry*, 412 F.3d 707, 721 (6th Cir. 2005) (upholding fee award where "Junior" alleged in the complaint that his rights were violated by an illegal search performed at "the Fisher Road residence," and where deposition testimony revealed that Junior "did not own or reside at the residence, nor did he own any of the property seized from it").[5]

As the magistrate judge correctly found, this is not the exceptional case justifying an award of attorney fees. *See Riddle*, 266 F.3d at 547 (quoting *Jones,* 789 F.2d at 1232) ("An award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'"). Instead, the Court has ruled implicitly and explicitly that this case was not frivolous, unreasonable, or without foundation not once, but three times—in ruling on the motion for summary judgment [Doc. 92], in denying the motion to alter or amend the order denying summary judgment [Doc. 106], and finally in denying the renewed motion for directed verdict.

---

[5] *See also EEOC v. Peoplemark*, 732 F.3d at 591–92 (affirming assessment of attorney fees against EEOC where discovery revealed that the EEOC's "claim was based on a companywide policy that did not exist"); *Wilson-Simmons v. Lake Cty. Sheriff's Dep't*, 207 F.3d 818, 823–24 (6th Cir. 2000) (upholding fee award in racial discrimination and retaliation case where plaintiff alleged failure to investigate report by a co-worker that another co-worker had sent a racist email about plaintiff to a third co-worker but where plaintiff refused to identify the co-worker who had given her the information, could produce no evidence of the email's existence, and her supervisor responded to report by immediately posting a notice to all employees prohibiting racial statements in emails).

The Court's ruling on directed verdict is particularly relevant because the Court made its ruling after hearing all the evidence, i.e. when the alleged weakness of plaintiffs' case would have been most glaring. Yet, even at that late stage, viewing the evidence in the light most favorable to plaintiffs, the Court found that the jury could "reasonably find that the defendant did not reasonably rely on particularized facts in making the decision to terminate Ms. Black. Thus, the jury could reasonably find that defendant did not have an honest belief that Ms. Black purposely falsified her complaint." Transcript of Record, Mar. 15, 2019. In other words, the Court found that a reasonable juror could find for plaintiffs on the issue of pretext, even though defendant argued—and continues to argue [Doc. 222 p. 8]—plaintiffs could produce no evidence in support of their burden on this issue. The Court's ruling continued:

> In reviewing the evidence submitted, again, in a light most favorable to plaintiffs, questions have arisen regarding whether and/or in what manner defendant's employees documented their conversations with Ms. Black and, if so, what became of those documentations.
> Questions have also been raised and evidence presented on aspects of the interviews of witnesses, including Mr. Strange and Ms. Kennedy, and the informational flow pertaining to the results of the investigation.
> Also, as to the matter of particularized facts, included in the evidence in this case is defendant's admission, "other than his handwritten notes, Eric Weiss . . . had no documentation of particularized facts [on] which he reasonably relied when he gave his opinion to Lynn Schnepp . . . that Estela Black made a false claim of sexual harassment."
> Although defendant maintains that it determined that Ms. Black falsified her report, plaintiffs have argued the evidence shows there is no affirmative fact to indicate that Ms. Black lied, that Mr. Weiss did not re-interview Ms. Black before informing her that she could resign or she would be fired, and that Mr. Weiss did not provide her the opportunity to offer more facts or evidence prior to presenting her the option to resign.

> Instead, Mr. Weiss appears to have relied—again, looking at the facts in a light most favorable to the plaintiffs—on the fact that apparent witnesses cannot corroborate Ms. Black's story, at least one of whom was employed at an agency where, according to plaintiff's version of the facts, she was in a position to have a continuing professional relationship with Mr. Strange and the defendant.
>
> As a result, plaintiffs contend this raises an inference as to that witness's credibility concerning her lack of corroboration, and, as noted in viewing this evidence in a light most favorable to plaintiffs, the Court must similarly grant all reasonable inferences in plaintiff's favor.
>
> As such, this case continues to be most similar, the Court believes, to the facts in *Gilooly v. Missouri Dept. of Health and Senior Services*, 421 F.3d 734, 741 (8th Cir. 2005). There, the employer's belief that the plaintiff was lying "was founded solely on the statements of other employees and witnesses," despite there being "no independently verifiable evidence" that the plaintiff had lied. *id.* Under those circumstances, where the defendant's decision was inevitably based on credibility determinations, the court determined that a jury should decide the question of the defendant's honest belief, and the Court makes that same conclusion herein.
>
> . . .
>
> For these reasons, and for the reasons stated in the court's prior orders on this issue, defendant's motion for judgment as a matter of law is denied.

Transcript of Record, Mar. 15, 2019.

In evaluating a motion for attorney fees, it is "important to consider the evidence that the plaintiffs had going into trial, and what happened during litigation, including whether the plaintiff's case survived a motion for a directed verdict." *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 725 F.3d 571, 581 (6th Cir. 2013) (citing *Brooks v. Ctr. Park Assocs.,* 33 F.3d 585, 587 (6th Cir. 1994), and *Lowery v. Jefferson Cty. Bd. of Educ.*, 586 F.3d 427, 438 (6th Cir. 2009)) (upholding denial of attorney fees where case survived a motion for a directed verdict after plaintiff presented its case at trial).

Here, the Court denied summary judgment because plaintiffs "successfully established a prima facie case" [Doc. 92 p. 13, 18], and because as the Court stated in its denial of the motion to alter or amend the summary judgment order, the Court found that there was a "genuine dispute of material fact in this case regarding pretext" [Doc. 106 p. 6 n.2]. Even after hearing all the evidence, the Court ruled that the record contained enough evidence to support a jury finding for plaintiffs on the issue of pretext. In light of these previous findings, the Court cannot hold that the claim was "groundless at the outset or 'that the plaintiff[s] continued to litigate after it clearly became so.'" *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) (quoting *Christiansburg*, 434 U.S. at 422).

Defendant argues that plaintiff EEOC's election not to bring Ms. Black's sexual harassment claim and only a retaliation claim exposes the baselessness of its suit from the beginning [Doc. 222 p. 1], but plaintiff has provided a reasonable explanation for this decision. The EEOC states that it investigated Ms. Black's charge of discrimination and chose not to issue a reasonable cause finding on Ms. Black's sexual harassment allegations because "the allegations were not severe or pervasive under Sixth Circuit and Supreme Court law" [Doc. 216 p. 2]. Pursuing a retaliation claim the EEOC believed it could prove under a different legal standard than the standard for a sexual harassment claim represents a reasonable strategic litigation decision, and defendants have not demonstrated that it was a manifestation of bad faith.

Accordingly, Judge Steger properly recommended denial of defendant's motion for attorney fees under 42 U.S.C. § 2000e-5(k) because plaintiffs' claim was not "frivolous,

unreasonable, or without foundation," nor did plaintiffs continue to litigate after it clearly became so. *Wayne v. Village of Sebring,* 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978)).

> B. **Objection Three: The R&R Fails to Address Plaintiff's Litigation Conduct**

Defendant also contends that the R&R is contrary to law because it does not "address the EEOC's reprehensible behavior throughout the litigation" [Doc. 222 p. v]. Defendant argues in its motion for attorney fees that "an award of attorneys' fees and costs is appropriate under § 706(k) of Title VII and Rule 11" because the "EEOC's conduct in this litigation was unreasonable and groundless, vexatious and in bad faith" [Doc. 214 p. 13]. Defendant is not entitled to attorney fees under either § 706(k), now codified at 42 U.S.C. § 2000e-5(k), or Federal Rule of Civil Procedure 11.

Turning first to § 2000e-5(k), the bad faith pursuit of a non-frivolous claim does not provide an independent basis for awarding attorney fees under the *Christiansburg* standard. 434 U.S. at 422; *see also Hill v. BASF Wyandotte Corp.*, 547 F. Supp. 348, 354 (E.D. Mich. 1982) ("*Christian[s]burg* makes it clear that an award of attorney fees to a prevailing defendant depends on whether plaintiff had a colorable claim and not whether she pursued that claim in good faith."). In rejecting the EEOC's position in *Christiansburg* that § 706(k) only permitted the award of attorney fees where the plaintiff brought suit in bad faith, the Supreme Court noted that "if that had been the intent of Congress, no statutory provision would have been necessary, for it has long been established that even under the

15

American common-law rule attorney fees may be awarded against a party who has proceeded in bad faith." 434 U.S. at 419. Instead, the Court held that a plaintiff "should not be assessed" his opponent's attorney fees "unless a court finds that his claim was frivolous, unreasonable, or groundless," and it stated that evidence the plaintiff brought or continued the claim in bad faith provides "an even stronger basis" for assessing fees. Thus, the Court made clear that the central inquiry under § 2000e-5(k) is the claim's substance, although a bad faith finding may support the assessment of fees.[6]

Accordingly, once Magistrate Judge Steger determined that plaintiffs' claim was not "frivolous, unreasonable, or groundless" or pursued "after it clearly became so," 434 U.S. at 422, he did not need to address whether the EEOC's litigation conduct demonstrated the level of bad faith that would support an award of attorney fees under § 2000e-5(k).

Defendant also maintains that the EEOC's litigation conduct makes an award of attorney fees appropriate under Rule 11 [Doc. 214 p. 13], and it objects that the R&R "did not analyze [d]efendant's [m]otion under Rule 11 whatsoever" [Doc. 222 p. 10]. In its original motion and supporting memorandum, defendant does not develop its argument for awarding attorney fees under this rule, failing to mention Rule 11 at all in its motion for

---

[6] *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 762 (1980) (citing *Christiansburg* for the proposition that "a prevailing defendant" in a civil rights case "may be awarded counsel fees only when the plaintiff's underlying claim is 'frivolous, unreasonable, or groundless'"); *EEOC v. Peoplemark*, 732 F.3d at 592 ("We are not focused on the Commission's theory of the case, but rather, whether the *claim* was frivolous, unreasonable, or groundless, or whether the Commission continued to litigate after it clearly became so"); *cf. Brooks v. Center Park Assocs.*, 33 F.3d 585, 587 (6th Cir. 1994) (stating that "[a] fee award to a prevailing defendant is also appropriate if the plaintiff brought the case in subjective bad faith" but applying a different statutory provision).

attorney fees and only referencing it twice in its supporting memorandum, without discussing the rule's specific application in its motion, memorandum, or objection to the R&R. Indeed, underlining the subtlety with which defendant raises its Rule 11 argument, plaintiff does not address this argument in its response to the motion for attorney fees [Doc. 216].

Although Judge Steger does not analyze defendant's entitlement to attorney fees under Rule 11 in the R&R, the failure to do so is harmless for several reasons. First, Rule 11 does not provide only for the award of attorney fees; rather it enables a court to "impose an appropriate sanction," which may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(1), (4). Defendant does not explain why the sanction of an order to pay attorney fees is "warranted for effective deterrence." Second, defendant has not complied with Rule 11's procedural requirements, failing to file its Rule 11 motion "separately from any other motion" and presumably failing to serve the motion on plaintiff before filing it, as well as failing to give plaintiff twenty-one (21) days after service to "withdraw[] or appropriately correct[]" the specified conduct. Fed. R. Civ. P. 11(c)(2). Finally, the Court has already considered and denied a motion by defendant under Rule 11—and has already chided defendant for failing to file the earlier Rule 11 motion separately from other motions [Doc. 92 p. 18–19]. And, while defendant describes new litigation conduct by plaintiff in its motion for attorney fees,

it does not specify how this conduct violates Rule 11(b).[7] Nor, does defendant explain why it would be appropriate for the Court to sanction plaintiff now when the Court's earlier holding made clear that "[r]egardless of [defendant's failure to comply with Rule 11(c)'s procedural requirements], the Court f[ound] that it [was] inappropriate to grant sanctions . . . because plaintiffs' claim is not frivolous" [Doc. 92 p. 19].

Thus, to the extent that defendant intends to move for Rule 11 sanctions in its motion for attorney fees, its motion is procedurally defective and will be denied. But, as at the time of its earlier denial, the Court notes that regardless of defendant's failure to move for Rule 11 sanctions separately from other motions, it would be inappropriate to grant Rule 11 sanctions in this case because the court has determined that the case is not frivolous. Fed. R. Civ. P. 11(b).

## IV. Conclusion

Upon careful and de novo review of the record and the law pursuant to 28 U.S.C. § 636(b)(1), the Court finds that the recommendation contained in Judge Steger's report and

---

[7] Rule 11(b) provides:
By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

recommendation [Doc. 221] is correct. Defendant's objections [Doc. 222] will, consequently, be **OVERRULED**.

The Court will **ACCEPT in whole** the Report and Recommendation [Doc. 221] and incorporate it into this Memorandum Opinion. Accordingly, for the reasons stated herein, defendant's motion for attorney fees [Doc. 213] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE